IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RODWICK JOHNSON, | ) | No. C 14-1592 JSW (PR) |
| Petitioner, | ) | **ORDER OF DISMISSAL; GRANTING** |
| | ) | **LEAVE TO PROCEED IN FORMA** |
| vs. | ) | **PAUPERIS** |
| PRICE, | ) | |
| Respondent. | ) | (Docket No. 2) |
| _____ | ) | |

     Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the denial of his habeas petitions in all three levels of the California courts. The application to proceed in forma pauperis is GRANTED.

     This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

Petitioner's state court petitions sought transcripts of pretrial hearings from his criminal proceedings.  Petitioner claims: (1) that the superior court violated his right to due process by denying his request for transcripts, which denial was based on petitioner's inadvertently indicating on the request form that he sought transcripts of the trial, not of the pretrial proceedings; (2) that the state courts should have given him leave to amend his petition; and (3) that the California Supreme Court erred in denying the petition on procedural grounds.

The latter two claims are not cognizable because they simply assert errors in the state courts' collateral review process.  Errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings.  *See Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998).  The first claim is also not cognizable. Petitioner states that in his habeas petition to the superior court, he checked the wrong box on the form. Specifically, he checked the box for trial transcripts, instead of the box for transcripts of pretrial hearings.  While an indigent prisoner, such as petitioner, has a constitutionally protected right to transcripts for use in an appeal or post-conviction challenge to his or her conviction, *see Britt v. North Carolina*, 404 U.S. 226, 227 (1971); *Long v. Dist. Court of Iowa*, 385 U.S. 192, 194-95 (1966) (per curium), petitioner can file another habeas petition in the superior court with the proper box checked.  Until he does so, seeking federal habeas relief for the denial of transcripts is premature.  If the superior court denies his request for pretrial transcripts with the form properly filled out, and that denial is subsequently upheld by the higher state courts, petitioner can then file a new federal habeas petition.  The instant petition is, therefore, DISMISSED without prejudice.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided.  Petitioner has failed to make a substantial showing that a reasonable jurist would find this Court's denial of his claim on procedural

grounds debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:  June 17, 2014

_____
JEFFREY S. WHITE
United States District Judge

1          UNITED STATES DISTRICT COURT

2                    FOR THE

3          NORTHERN DISTRICT OF CALIFORNIA

4

5

6   RODWICK JOHNSON,                    Case Number: CV14-01592 JSW

7              Plaintiff,        **CERTIFICATE OF SERVICE**

8      v.

9   PRICE et al,

10             Defendant.
    _____/

11

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
    Court, Northern District of California.

13  That on June 17, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said
    copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing
14  said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
    receptacle located in the Clerk's office.

15

16

17  Rodwick Johnson C-39197
    DVI Tracy
18  P.O. Box 600
    Tracy, CA 95378-0600
19
    Dated: June 17, 2014
20
                                 *Jennifer Ottolini*
                                 Richard W. Wieking, Clerk
21                               By: Jennifer Ottolini, Deputy Clerk

22

23

24

25

26

27

28